FILED
SUPERIOR COURT
OF GUAM

2023 OCT -5 PM 5: 09

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DEPARTMENT OF CORRECTIONS,<br><br>Petitioner,<br><br>vs.<br><br>GUAM CIVIL SERVICE COMMISSION,<br><br>Respondent<br><br>vs.<br><br>JOSEPH CRUZ II<br><br>Real Party in Interest. | **Special Proceedings Case No. <u>SP0083-22</u>**<br><br><br>**DECISION AND ORDER GRANTING PETITIONER'S MOTION FOR SUMMARY JUDGMENT** |

In this appeal from a Civil Service Commission (CSC) Judgment, the Court addresses Petitioner Department of Corrections' (DOC) Motion for Summary Judgment on its Petition for Judicial Review. Real Party in Interest Joseph Cruz II opposed the Motion. Defendant CSC did not file an opposition; however, it offered a brief statement in opposition during the oral arguments. Based on the CSC's failure to address the disputed fact regarding the date of Cruz's first unexcused absence and failure to consider other independent grounds for the adverse action, the Court grants the Motion for Summary Judgment, reversing and remanding the CSC's Judgment.

## I.   <u>UNDISPUTED FACTS</u>

1. The DOC took adverse action against Cruz on March 4, 2021, terminating his employment.

   a. The Final Notice of Adverse Action listed the following reasons for the termination:

      i. "Refusal or failure to perform prescribed duties and responsibilities;"

      ii. "Insubordination;"

ORIGINAL

    iii.  "Unauthorized absences;"

    iv.  "Discourteous treatment to the public or other employees;"

    v.  "Other misconduct" including "violation of DOC general/special orders and DOA rules and code of conduct, Chapter 3 (ethics) and Chapter 8, Chapter 11, DOC policies/protocols." Not. CSC Record at 476 (Jan. 3, 2023) (Final Notice of Adverse Action).

  b.  The Final Notice of Adverse Action offered examples of this insubordination, including violations of written orders issued to Cruz to appear before Internal Affairs in January, failure to abide by orders to submit leave forms, and failure to respond to contact from superior officers. *Id.* at 475-93.

  c.  The Final Notice of Adverse Action stated the misconduct began on December 9, 2020; however, one part of the Final Notice of Adverse Action stated that provides Cruz failed to report to duty on December 2, 2020. *Id.* All other instances in the Final Notice of Adverse Action indicate the first date he failed to report to work was December 9, 2020. *Id.*

2. Cruz appealed the adverse action to the CSC on March 9, 2021. *Id.* at 337 (CSC Appeal). As part of the CSC appeal, Cruz moved to vacate the adverse action alleging that the December 2, 2020 date provided by the Final Notice of Adverse Action occurred more than ninety days before the adverse action was taken, in violation of 4 GCA § 4406. *Id.* at 124 (Motion to Void for Violation of 4 GCA 4406 (The 90 Day Rule) and Lack of Jurisdiction).

3. DOC opposed the Motion to Dismiss alleging the relevant date was December 9, 2020, and therefore, the Final Notice of Adverse Action fell within the 90-day requirement. *Id.* at 400-01 (Management's Obj. and Mot. Strike).

ORIGINAL

4. December 2, 2020, is more than ninety days before the Final Notice of Adverse Action.

5. December 9, 2020, is within ninety days of the Final Notice of Adverse Action.

6. No evidentiary hearing was conducted regarding the date discrepancy, and no mitigation hearing was conducted despite DOC's motion for one. *See generally id.*; Not. Transcript of Proceedings and CSC's Cert. Transcript (Jan. 3, 2023).

7. The CSC issued its Decision and Judgment on June 9, 2022. Not. CSC Record at 11 (Dec. and Judgment). The decision focused entirely on the 90-day issue and provided that "[t]he December 2, and 3, 2020, absence were more than 90 days before the service of the [Final Notice of Adverse Action] and are, therefore, in violation of the 90-day Rule § 4406 (b) which states, that management shall give the Employee [Final Notice of Adverse Action] not later than ninety (90) calendar days from the date in which management knew or should have known the facts or events which for the basis for the adverse action." Notice of CSC Record at 487. As a result, the CSC granted Cruz' Motion to Dismiss and revoked the adverse action. *Id.*

8. The CSC did not address the other reasons for the adverse action beyond Cruz's unexcused absences. *See* Not. Transcript of Proceedings.

## II.    LAW AND DISCUSSION

Summary judgment may be granted if the movant shows no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Guam R. Civ. P. 56(a). The pleadings and the substantive law determine the "materiality" of particular facts. *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 248 (1986). Materials in the record must support the facts, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations [], admissions, interrogatory answers, or other materials. GRCP 56(c)(1)(A). The

ORIGINAL

Court must view the evidence and draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7.

The DOC's Motion for Summary Judgment provides three bases for their Motion asking to vacate the CSC's decision: (1) the decision relies on a single disputed fact; (2) the CSC improperly failed to separately consider other instances of misconduct occurring during the ninety (90) day period; (3) the CSC awarded back pay and other benefits without having a mitigation hearing. Mot. Summ. J. at 3 (June 26, 2023).

### a. Single Disputed Fact

A decision of the CSC is final but subject to judicial review under a substantial evidence standard for factual determinations and a *de novo* standard for legal determinations. 4 GCA § 4403(d)(4); *Charfauros v. Guam Civil Serv. Comm'n (Guam Police Dep't)*, 2022 Guam 19 ¶ 17; *Guam Hous. Corp. v. Guam Civil Serv. Comm'n (Potter)*, 2015 Guam 22 ¶ 9; *Port Auth. Of Guam v. Civil Serv. Comm'n (Arriola)*, 2019 Guam 13 ¶ 14. The substantial evidence standard is "extremely deferential," and "a reviewing court must uphold the agency's findings unless the evidence presented would compel a reasonable factfinder to reach a contrary result." *Charfauros*, 2022 Guam at 10; *Guam Mem'l Hosp. Auth. v. Civil Serv. Comm'n*, 2015 Guam 18 ¶ 16 (citation omitted). However, "[i]f there is a dispute of material facts, the case should not be decided [by the CSC] on a pre-merits procedural motion." *Port Auth. of Guam*, 2019 Guam 13 ¶ 18. When the record shows a dispute over a material fact, a merits hearing is necessary. *Id.*

The record shows a dispute over a material fact—whether December 2 or 9, 2020, is the earliest date of Cruz's failure to report to work. Cruz argued that December 2, 2020, was the applicable date. DOC, on the other hand, argued that December 9, 2020, was the applicable date and the single use of December 2, 2020, and the dates between December 2 and 9 were mere

typographical errors. Despite this disputed fact and its dispositive nature on the issue of Cruz's unexcused absences, the CSC failed to conduct an evidentiary hearing. As no evidentiary hearing was conducted and the record was not developed regarding the CSC's decision to apply the December 2, 2020 date instead of December 9, 2020 date, the Court is unable to even apply the substantial evidence standard to this factual determination. Moreover, should the CSC have found a legal basis--such as an issue regarding notice or due process, allowing them to apply the December 2, 2020 date without an evidentiary hearing on the disputed date--such basis is not contained in the record for the Court to review. Therefore, the Court must reverse and remand the CSC's determination that December 2, 2020, was the date from which the 90-day clock began regarding Cruz's unexcused absences, and therefore, reverse the CSC's reversal of the DOC's adverse action.

### b. Other Instances of Misconduct

The reviewing court applies the *de novo* standard in determining whether the CSC "addressed all issues raised in the proceedings." *Id.* ¶ 15. When the CSC fails to separately address independent bases for a Final Notice of Adverse Action, the Court must reverse and remand the issue for further proceedings. *Id.* ¶ 25. The CSC's decision failed to consider other reasons for Cruz's termination contained in the Final Notice of Adverse Action. It did not address whether his failure to abide by Internal Affairs orders to appear or other instances of insubordination beyond his unexcused absences constituted independent grounds for his termination. Therefore, the Court reverses and remands the CSC's decision to separately address these bases for Cruz's termination.

### c. Mitigation

When issues related to mitigation of damages are present during an appeal and the reviewing court reverses and remands the merits-based issues, the mitigation related issues are

ORIGINAL


deemed to be premature and negated, and as a result, they are also be reversed. *Id.* ¶ 23. Therefore, the Court reverses the CSC's decision related to the merits of the case as it is reversing and remanding the merit-based issues brought on this Petition for Judicial Review.

## III.   CONCLUSION AND ORDER

The Court GRANTS the DOC's Motion for Summary Judgment as the CSC failed to hold an evidentiary hearing or provide a record related to the disputed fact regarding the first date of Cruz's unexcused absences and failed to address the additional bases for Cruz's termination contained in the Final Notice of Adverse Action.

**SO ORDERED, 5 October 2023.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

OAG - CivLit
CSC - D.LG, Kagan Walsh &Torres
Date:           Time:

**AMY COLLEEN K. ARCEO**
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Office of the Attorney General for Petitioner Department of Corrections
Eric D. Miller, Esq., Civil Service Commission, for Respondent Civil Service Commission
Joshua D. Walsh, Esq., Razzano Walsh & Torres, P.C., for Real Party in Interest Joseph Cruz II

ORIGINAL